<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

_____
                                        :
**DUANE GITTENS,**                      :
                                        :          **Civil No. 13-5534 (KM)**
      **Plaintiff,**      :
                                        :
**v.**                                  :          **OPINION**
                                        :
**EXPERIAN INFORMATION**                :
**SOLUTIONS, INC.,**                    :
                                        :
      **Defendant.**      :
_____:

### I.  INTRODUCTION

This matter comes before the Court on the motion of Defendant Experian Information Solutions, Inc. ("Experian") to compel Plaintiff Duane Gittens ("Gittens") to provide a more definite statement pursuant to Federal Rule of Civil Procedure 12(e).  For the reasons set forth herein, Experian's motion is granted-in-part and denied-in-part.

### II.  BACKGROUND

On September 18, 2013, Gittens filed a Complaint against Experian for allegedly violating the Fair Credit Reporting Act ("FCRA").  See Compl., ECF No. 1.  Specifically, Gittens claims she filed her Complaint because of "[Experian's] blatant disregard for the laws of the Fair Credit Reporting Act." Id. ¶ 1.  Gittens further alleges that she has "continuously disputed a judgment listed on [her] Experian credit report only for Experian to verify and not properly investigating [sic] the dispute." Id. ¶ 2.

On November 25, 2013, Experian filed the instant motion for a more definite statement pursuant to Rule 12(e).  See Def. Br., ECF No. 7.  In support of its motion, Experian contends

the Complaint is so vague or ambiguous that it "cannot reasonably prepare a response" because Experian "cannot decipher the nature of [Gittens'] claim or the factual basis for such claim." Id. at 3.  Specifically, Experian argues that while Gittens references the FCRA, she does not state which section(s) of the Act Experian allegedly violated.  Id.  Experian further argues that although Gittens references a judgment that she allegedly "continuously disputed," Gittens failed to provide any details of said judgment such as what the judgment was, where in the consumer report it appeared, to whom the consumer report allegedly was issued, how Experian allegedly failed to reasonably investigate, and how such alleged failure caused Gittens any damages.  Id. at 3-4.  Therefore, Experian seeks "clarification of the nature of [Gittens's] claim" in order for Experian to "respond to [Gittens's] Complaint in good faith and without prejudice to itself." Id. at 4.

Gittens has not submitted a response to Experian's motion or sought any extension of time within which to do so.

## III.    DISCUSSION

Under Rule 12(e), a defendant may move for a more definite statement if the pleading "is so vague or ambiguous that the party cannot reasonably prepare a response."  Fed. R. Civ. P. 12(e).  The moving party "must point out the defects complained of and the details desired."  Id. The prevailing standard used by the Third Circuit is to grant a Rule 12(e) motion "when the pleading is so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith, without prejudice to [itself]."  Clark v. McDonald's Corp., 213 F.R.D. 198, 232-33 (D.N.J. 2003) (citations and internal quotation marks omitted).  Rule 12(e) motions can be a useful "procedural tool" to resolve ambiguity and to obtain the "factual basis underlying a plaintiff's claim for relief."  United States v. Independence Tp., 463 F.3d 285, 301 (3d Cir.

2

2006); see also Alston v. Parker, 363 F.3d 229, 237 n.7 (3d Cir. 2004) (noting that seeking a more definite statement is a tool to resolve ambiguity or vagueness).

However, generally speaking, "Rule 12(e) motions are disfavored in light of the liberal pleading standards established by Fed. R. Civ. P. 8(a)." Mut. Indus., Inc. v. Am. Int'l Indus., Civ. No. 11-5007, 2011 WL 4836195, at *2 (E.D. Pa. Oct. 11, 2011).  Specifically, Rule 8 only requires a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8.  Moreover, the standard for granting a motion for a more definite statement is based on "unintelligibility, not lack of detail." MK Strategies, LLC v. Ann Taylor Stores Corp., 567 F. Supp. 2d 729, 737 (D.N.J. 2008); see also Frazier v. Se. Pa. Transp. Auth., 868 F. Supp. 757, 763 (E.D. Pa. 1994) (noting that a 12(e) motion is used as a means to remedy unintelligible pleadings rather than as a means to correct a lack of detail).  It is not the function of Rule 12(e) motions to "provide greater particularization of information alleged in the complaint or which presents a proper subject for discovery." MK Strategies, 567 F. Supp. 2d at 737.  Under the notice pleading standard, a plaintiff is "not required to plead the minutiae that will ultimately be ascertained by discovery." Clark, 213 F.R.D. at 233.

The decision to grant a Rule 12(e) motion is "largely to the discretion of the district court." Clark, 213 F.R.D. at 232.  Courts have held that the Third Circuit's standard is met where the allegations are not specific enough to enable a defendant "to determine the propriety of interposing in his answer a waivable defense," where the defendant cannot answer the complaint with a general denial, or where there is a need to "pare down [the] pleadings." Id. at 233.  Because there is potential that Rule 12(e) could require more specificity than that required by Rule 8(a)(2) and therefore "be prone to abuse by defendants, 'its exercise should be cast in the mold of strictest necessity.'" Id. (quoting Lincoln Labs., Inc. v. Savage Labs., Inc., 26 F.R.D.

141, 143 (D. Del. 1960)).  Nevertheless, compliance with Rule 8(a)(2)'s "short and plain statement" standard and successfully stating a claim upon which relief may be granted "does not insulate [a] pleading from a well-grounded motion for a more definite statement under Rule 12(e)." Clark, 213 F.R.D. at 233.  Accordingly, the issue before this Court is whether Experian can frame a legally sufficient response to Gittens' Complaint.

### A.  Background of the Fair Credit Reporting Act

The Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, *et seq.,* was enacted "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." Safeco Ins. Co. of Am. v. Burr, 551 U.S. 47, 52 (2007).  The Court of Appeals for the Third Circuit recently summarized the purpose of the FCRA and its subsections: "to protect consumers from the transmission of inaccurate information about them, and to establish credit reporting practices that utilize accurate, relevant, and current information in a confidential and responsible manner." SimmsParris v. Countrywide Fin. Corp. 652 F.3d 355, 357 (3d Cir. 2011) (quoting Cortez v. Trans Union, LLC, 617 F.3d 688, 706 (3d Cir. 2010)). Section 1681s-2 of the FCRA assigns certain responsibilities "on those who furnish [credit] information to consumer reporting agencies." Id.  An individual may bring a cause of action against a furnisher for violating two separate duties. Id.  First, a furnisher must provide accurate information. Id.  Second, a furnisher has a duty to investigate and/or correct inaccurate information. Id.  This duty, however, is triggered only "upon notice of dispute." See 15 U.S.C. §1681i(a)(2) (requiring credit reporting agencies promptly to provide such notification containing all relevant information about the consumer's dispute).

The standard of care required by the FCRA involving the accuracy of credit reports is stated in Section 1681e(b):  "Whenever a consumer reporting agency prepares a consumer report

it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."  15 U.S.C. § 1681e(b).  In order to establish a claim that this section of the FCRA was violated, a plaintiff must establish four elements:  (1) the consumer's credit report included inaccurate information; (2) the inaccuracy was due to the reporting agency's failure to follow reasonable procedures to assure maximum possible accuracy; (3) the consumer suffered damages; and (4) the consumer's injury was caused by the inclusion of the inaccurate information.  See Cortez v. Trans Union, LLC, 617 F.3d 688, 708 (3d Cir. 2010) (citing Philbin v. Trans Union Corp., 101 F.3d 957, 963 (3d Cir. 1996)).  The reasonableness of a credit reporting agency's procedures is defined as "those that a reasonably prudent person would undertake under the circumstances."  Id. at 709.  Moreover, judging the reasonableness of a reporting agency's procedures involves "weighing the potential harm from inaccuracy against the burden of safeguarding against such inaccuracy."  Id.

Regarding a furnisher's duty to investigate, Section 1681i sets forth the process of disputing information in a credit report, thereby triggering this obligation.  Cortez, 617 F.3d at 714.  Section 1681i(a) provides in pertinent part:

> [I]f the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller.

In other words, in order to trigger a furnisher's duty to investigate, a consumer must first alert the credit reporting agency that reported the allegedly incorrect information of a dispute. SimmsParris, 652 F.3d at 359.  The reporting agency then informs the furnisher of information that there has been a dispute, thus triggering the furnisher's duty to investigate.  Id.; see also Paul

5

v. Experian Info. Solutions, Inc., 793 F. Supp. 2d 1098 (D. Minn. 2011) (holding that under the FCRA, if a consumer disputes information contained in a credit report, the credit reporting agency must reinvestigate and confirm disputed information).  A consumer reporting agency violates its duty under the FCRA when it fails to reinvestigate after a notice of dispute.  Cushman v. Trans Union Corp., 115 F.3d 220, 225-26 (3d Cir. 1997).  In addition, "Sections 1681n and 1681o respectively provide private rights of action for willful and negligent noncompliance with any duty imposed by the FCRA."  Philbin, 101 F.3d at 962.  The sections "allow recovery for actual damages and attorneys' fees and costs as well as punitive damages in the case of willful noncompliance."  Id.

### B.  Whether Experian's 12(e) Motion Should be Granted

Even liberally construing pro se plaintiff's complaint, Alston v. Parker, 363 F.3d 229, 234 (3d Cir. 2003), the Court finds that Experian's motion for a more definite statement should be granted-in-part.  Experian contends that it "cannot reasonably prepare a response to [Gittens's] Complaint because Experian "cannot decipher the nature of [Gittens's] claim or the factual basis for such claim."  See Def. Br., ECF No. 7.  Therefore, Experian seeks "clarification of the nature of [Gittens'] claim" in order to "respond to [Gittens's] Complaint in good faith and without prejudice to itself."  Id. at 4.  Specifically, Experian requests additional facts, including: (1) which section(s) of the FCRA Experian allegedly violated; (2) the allegedly inaccurate judgment; (3) the consumer report(s) in which such judgment allegedly appeared; (4) when such report(s) allegedly were issued; (5) to whom such consumer report(s) allegedly were issued; (6) how Experian allegedly failed to investigate; and (7) how such alleged failure caused Gittens any damages.  Id. at 3-4.

Indeed, some further facts are necessary for Experian to determine whether it can "reasonably prepare a response" or defense. Gittens's main allegation is that Experian failed to investigate a judgment that she reported and disputed. <u>See</u> Compl., ECF No. 1. Thus, in order to be able to formulate a proper defense, Experian should know what the allegedly inaccurate judgment is and the consumer report(s) in which such judgment supposedly appeared. In addition, Experian should also know the approximate dates of when the report(s) containing the alleged inaccurate judgment were issued. Such clarification of facts will help Experian determine if it did or did not fail to conduct an investigation of the alleged judgment, thereby potentially violating the FCRA.

Regarding Experian's question on which section(s) of the FCRA it allegedly violated, Experian's specific demands themselves demonstrate Experian is aware of Gittens's legal theory. Under 15 U.S.C. § 1681s-2, a furnisher of credit information has two duties to consumer reporting agencies: (1) to provide accurate information; and (2) if disputed, to investigate and/or correct inaccurate information. <u>SimmsParris</u>, 652 F.3d at 357. In its motion, Experian's requests for further clarifying facts literally lists out the elements required to establish a claim for relief under the FCRA for providing inaccurate information. In addition, Experian explicitly states that "[Gittens's] claims that Experian failed to properly reinvestigate a judgment it reported." <u>See</u> Def. Br., ECF No. 7, at 3. Therefore, Experian demonstrates in its motion that it knows that Gittens is claiming that she disputed an alleged inaccurate judgment on her consumer report and that Experian failed to investigate.

Accordingly, Gittens has to identify the following facts in an amended Complaint: (1) the allegedly inaccurate judgment; (2) the consumer report(s) in which such judgment allegedly appeared; and (3) when such consumer report(s) were issued. However, the remaining facts for

which Experian requests information are not necessary for Experian to reasonably respond to

Gittens's Complaint.  For example, knowledge of whether Gittens suffered any damages is not

necessary for Experian to determine whether or not it investigated the alleged judgment.  While

such details, including which section of the FCRA Experian supposedly violated, to whom the

consumer report(s) containing the alleged inaccurate judgment were issued, and how Experian

allegedly failed to investigate may be relevant to a motion to dismiss, they are not relevant to this

motion.

**IV.    CONCLUSION**

For the reasons set forth above, Experian's motion for a more definite statement is

granted-in-part and denied-in-part.  An appropriate form of Order will issue.

*s/ Michael A. Hammer*
**UNITED STATES MAGISTRATE JUDGE**

Dated:        April 30, 2014