UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                        :
**DUANE GITTENS,**                      :   Civ. No. 13-5534 (KM)
                                        :
      **Plaintiff *Pro Se*,**   :
                                        :
    v.                           :   REPORT AND RECOMMENDATION
                                        :
**EXPERIAN INFORMATION**                :
**SOLUTIONS, INC.,**                    :
                                        :
      **Defendant.**           :
_____:

**HAMMER, United States Magistrate Judge**

    This matter comes before the Court on this Court's July 6, 2015 Order to Show Cause why Plaintiff's, Duane Gittens ("Plaintiff"), Complaint should not be dismissed for failure to prosecute.  D.E. 22.  Plaintiff failed to file a response to the Order to Show Cause.  Pursuant to Federal Rule of Civil Procedure 78, the Undersigned did not hear oral argument and has considered this matter on the papers.  For the reasons below, the Court respectfully recommends that the District Court dismiss Plaintiff's Complaint with prejudice.

    **I.**    **BACKGROUND**

    Plaintiff filed the instant Complaint against Defendant Experian Information Solutions, Inc. on September 18, 2013.  D.E. 1, 2.  After Defendant filed a Motion for a More Definite Statement which was granted by this Court, Plaintiff filed an Amended Complaint on May 16, 2014, alleging that Defendant improperly listed a judgment on his credit report without properly investigating his dispute of the judgment.  D.E. 11, Amended Complaint, pp. 1-2.

    On June 1, 2015, Defendant informed the Court that Plaintiff had failed to provide responses to its written discovery requests, appear for his deposition, and respond to Defendant's

May 26, 2015 request for an alternative deposition date. *See* Def.'s Ltr., June 1, 2015, D.E. 17. The Court directed Plaintiff to respond to Defendant's written discovery demands no later than June 29, 2015. *See* Order, June 8, 2015, D.E. 18. On June 30, 2015, Defendant filed another letter, informing the Court that Plaintiff still had not provided responses to Defendant's written discovery requests. *See* Def.'s Ltr., June 30, 2015, D.E. 21. Therefore, this Court directed Plaintiff to show cause in writing by July 27, 2015 why this action should not be dismissed for failure to prosecute his action pursuant to Federal Rule of Civil Procedure 41 and failure to comply with this Court's June 8, 2015 Order. *See* Order to Show Cause, July 6, 2015, D.E. 22. Again, Plaintiff failed to respond. Defendant then notified the Court by letter dated August 7, 2015, that Plaintiff also had failed to appear at his July 10, 2015 Court-ordered deposition. *See* Def.'s Ltr., Aug. 7, 2015, D.E. 23.

## II.     LEGAL ANALYSIS

### A.     Standards for Dismiss under Federal Rule of Civil Procedure 41(b)

Dismissal of a Plaintiff's complaint may be appropriate under Federal Rule of Civil Procedure 41(b) "if the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b). In *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863 (3d Cir. 1984), the United States Court of Appeals for the Third Circuit provided the factors that this Court must weigh in determining whether to dismiss a complaint pursuant to Fed. R. Civ. P. 41(b). Specifically, the Court must consider six factors in deciding whether the sanction of dismissal is appropriate: (1) the extent of the party's personal responsibility, (2) prejudice to the adversary, (3) history of dilatoriness, (4) willful or bad faith conduct of an attorney, (5) alternative sanctions, and (6) meritoriousness of the claim or defense. *Poulis*, 747 F.2d at 868; *Emerson v.*

*Thiel College*, 296 F.3d 184, 190 3d Cir. 2002) (applying *Poulis* factors).  No single *Poulis* factor is dispositive, and dismissal may be appropriate even if some of the factors are not met. *Hovey v. LaFarge North America Inc.*, Civ. No. 07-2193, 2008 WL 305701, *2 (D.N.J. Jan. 29, 2008) (citing *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992)).  See also *Rosado v. Adams*, Civ. No. 07-1914, 2009 WL 1181217, *1-3 (M.D. Pa. April 30, 2009) (applying *Poulis* analysis to dismissal for failure to prosecute under Fed. R. Civ. P. 41(b)); *Vrlaku v. Citibank*, Civ. No. 05-1720, 2005 WL 2338852, *2-3 (D.N.J. Sept. 23, 2005) (same, and noting that "[a] Court may raise a motion to dismiss an action under Rule 41 sua sponte under its inherent case management powers.").  See also *ODTA Systems LLC v. Daewood Electronics America*, 483 F. Supp. 2d 400, 404 (D.N.J. 2007) ("Failure to prosecute does not require that a party take affirmative steps to delay the case.  A failure to comply with court orders, failure to respond to discovery or other failure to act is sufficient to constitute lack of prosecution.") (citations omitted).  While not all these factors necessarily apply in every case, the Court is obligated to consider any factors that do apply.

### i. The extent of the party's personal responsibility

In the instant case, Plaintiff has failed to respond to discovery requests, appear for his deposition or provide a date on which he would be able to appear for his deposition.  In addition, Plaintiff has refused to comply with this Court's orders.  As a result, this case has been brought to a virtual standstill with no indication that Plaintiff intends to continue to prosecute his claims. Accordingly, the Undersigned can only conclude that Plaintiff does not intend to further litigate his claims and has willfully chosen to abandon his suit.

The Court recognizes that as a *pro se* litigant, Plaintiff is not represented by counsel and may encounter challenges that a represented party would not face. However, at the same time Plaintiff cannot contend that his failure to prosecute this matter is the fault of his counsel. *See, e.g., Clarke v. Nicholson*, 153 Fed. Appx. 69, 73 (3d Cir. 2005), *cert. denied*, 548 U.S. 907 (2006) ("[U]nlike a situation in which a dismissal is predicated upon an attorney's error, the plaintiff here was *pro se* and directly responsible for her actions and inaction in the litigation."). Moreover, the record reflects that Plaintiff's failure to prosecute is not the result of his inability to comprehend or address a highly complicated or technical legal issue; it is the result of Plaintiff's failure to take basic action necessary to prosecute his claims, such as responding to discovery requests, appearing for his deposition, and responding to Court Orders or explaining his inability to do so. In any event, a *pro se* plaintiff is solely responsible for prosecuting his case. *Briscoe v. Klaus*, 538 F.3d 252, 258-59 (3d Cir. 2008) (citations omitted).

Accordingly, the first *Poulis* factor weighs in favor of dismissal.

### ii.     Prejudice to the Adversary

The Court must next consider whether Plaintiff's failure to prosecute this litigation has prejudiced his adversaries. Prejudice is not limited to irreparable harm, but may include depriving a party of necessary information or the ability to prepare for trial. *Clarke*, 153 Fed. Appx. at 73 (citing *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222-24 (3d Cir. 2003) (finding that plaintiff's delay and failure to comply with discovery requests prejudiced defendant); *Porten v. Auto Zone*, Civ. No. 10-2629, 2011 WL 2038742, *2 (D.N.J. May 24, 2011) (relying on *Clarke* and *Ware* to find prejudice to defendant and grant dismissal motion where plaintiff apparently abandoned claims).

4

In this case, Plaintiff's inactivity and failure to comply with the Court's orders has prejudiced Defendant. Defendant has been unable to prepare a defense of this matter because Plaintiff has failed to provide responses to written discovery requests, appear for his deposition on at least two occasions, or provide an alternative deposition date. In short, Plaintiff's non-responsiveness has stalled Defendant's ability to defend itself. Despite numerous attempts, Defendant is unable to take discovery from Plaintiff, thereby inhibiting it from fully investigating Plaintiff's claims.

Accordingly, this *Poulis* factor favors dismissal of Plaintiff's claims.

### iii.     History of Dilatoriness and Bad Faith

The third and fourth *Poulis* factors require the Court to consider the extent and history of Plaintiff's dilatoriness and whether he has acted in bad faith. Clearly, since approximately May, Plaintiff has, by all appearances, abandoned prosecution of this matter. However, Plaintiff litigated this matter vigorously until that time, even filing an Amended Complaint and submitting a discovery plan to the Court. Plaintiff appeared to prosecute his claims and respond to the Court's Orders, even if occasionally imperfectly or inartfully. Under other circumstances, Plaintiff's earlier compliance with the Court's Orders might not favor dismissal, at least with prejudice. For example, had Plaintiff's record of non-compliance over the past four months not been so complete, or had the period of non-compliance been shorter, this factor might not weigh in Defendants' favor. But the record before the Court establishes that for four months, Plaintiff has made no effort to comply with his obligations in prosecuting these claims or to explain to the Court and counsel his inability to do so. Therefore, the Court must conclude on the record before it that Plaintiff's failure to comply with its orders was willful and that he has chosen not to

pursue his claims. *Porten*, 2011 WL 2038742, *2. Accordingly, this factor favors dismissal of Plaintiff's claims.

### iv. Alternative Sanctions

This factor also favors dismissal, for several reasons. First, Plaintiff's failure to comply with the Court's orders or explain his inability to do so strongly suggests that Plaintiff has abandoned his claims. *Porten*, 2011 WL 2038742, *3. Second, the United States Court of Appeals for the Third Circuit has recognized that monetary sanctions such as fines, costs, and attorneys' fees may be inappropriate or impractical in certain situations, such as when plaintiff is proceeding *pro se*. *Emerson v. Thiel College*, 296 F.3d 184, 191 (3d Cir. 2002).

### v. Meritoriousness of the Claim or Defense

Finally, the Court must consider the merits of Plaintiff's claims and Defendant's defenses. However, the Court cannot adequately assess this factor due to Plaintiff's failure to comply with Court orders or appear for his deposition. *Porten*, 2011 WL 2038742, *3 (citing *Devito v. C.M.S. Dep't*, Civ. No. 05-3438, 2006 WL 756014, *3 (D.N.J. March 17, 2006)).

### III. CONCLUSION

On balance, each of the pertinent *Poulis* factors weighs in favor of dismissal. Therefore, the Undersigned respectfully recommends that the District Court dismiss Plaintiff's Complaint with prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

The parties have fourteen days to file and serve objections to this Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 7.1(c)(2).

s/ Michael A. Hammer
UNITED STATES MAGISTRATE JUDGE

Date: September 18, 2015